# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE PANDO and MARIE PANDO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV-17-1062-R |
| BARBERWIND TURBINES, LLC; BARBERWIND, LLC; GERALD L. BARBER; SPECTRUM ENGINEERING SERVICES, INC., OF GREENVILLE; CAROLINA INTEGRATED SOLUTIONS, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| SPECTRUM ENGINEERING SERVICES INC., OF GREENVILLE, | ) ) ) | |
| Defendant/Third Party Plaintiff | ) ) | |
| v. | ) ) | |
| WISDOM RIDES, INC.; and YANCEY CRANE SERVICE, LLC, | ) ) ) | |
| Third Party Defendants. | ) | |

## ORDER

Having concluded the Court has subject matter jurisdiction over the underlying dispute, the Court next considers the Motion to Dismiss filed by Third-Party Defendant Wisdom Rides ("Wisdom") (Doc. No. 59) seeking dismissal of the Third-Party Complaint filed by Defendant Spectrum seeking indemnification.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and the subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that, to survive a motion to dismiss, a pleading must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. *Id.* Thus, the starting point in resolving the Motions is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. The Court will accept all well-pleaded factual allegations in the Amended Complaint as true and construe them in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

The underlying action involves injuries sustained by Plaintiff Jose Pando when a wind turbine he was dismantling collapsed. The Second Amended Complaint alleges that Defendants, including Spectrum, designed, built, and/or sold the defective wind turbine, and pleads theories of negligence and products liability.[1] Spectrum filed a Third-Party Complaint against Wisdom alleging that it "manufactured, fabricated, and/or assembled various component parts of the wind turbine, including the welding of certain components

---

[1] Plaintiff's Second Amended Complaint identifies five Defendants but makes no specific allegations, instead pleading the "Defendants" as a collective unit, except with regard to his Third Cause of Action, which is directed to Barberwind LLC and/or Barberwind Turbines, LLC, Plaintiff's alleged employer(s), who did not provide workers compensation insurance for Mr. Pando. The Fourth Cause of Action is Maria Pando's claim for loss of consortium.

of the wind turbine. Upon information and belief, Wisdom delivered parts of the wind turbine to Oklahoma for its construction. . . ." (Doc. No. 46, ¶ 6). Although Spectrum alleged it was entitled to common law and statutory indemnity, Spectrum concedes its indemnity claim is limited to Okla. Stat. tit. § 832.1.

Wisdom argues that Spectrum's claim for indemnity pursuant to Okla. Stat. tit. 12 § 832.1 must be dismissed because Spectrum has failed to allege it is a "seller" as required for statutory indemnity.

> Okla. Stat. tit. 12 § 832.1(A) provides:
>
> A manufacturer shall indemnify and hold harmless a seller against loss arising out of a product liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

Additionally,

> For purposes of this section, a wholesale distributor or retail seller who completely or partially assembles a product in accordance with the manufacturer's instructions shall be considered a seller.

Okla. Stat. tit. 12 § 832.1(D). Wisdom further contends that Spectrum, which it asserts served as design engineer, qualifies as a "manufacturer" under the statute, and thus is not eligible to seek indemnity.[2] *See McGehee v. SW. Elec. Energy Corp.*, No. CIV-15-145-C, 2017 WL 4783288 (W.D. Okla. Oct. 23, 2017).

---

[2] Wisdom's assertion that Spectrum served as a design engineer is not supported by citation to any pleadings. In its Answer to Plaintiff's Second Amended Complaint [Doc. 57], specifically paragraph 9, "Spectrum admits it was involved in some aspects of the design of the subject wind turbine, but is without sufficient information to admit or deny the role others had in connection with same . . . ." Subsequently, however, Spectrum sets forth an affirmative defense, asserting "[i]f the subject wind turbine is found to be defective . . . then the defect was caused by a material alteration and/or a failure to properly maintain the equipment, after the product left the possession, custody, and control of Spectrum." (*Id.*, ¶ 14).

3

The Court finds that, at the pleading stage, and in light of the allegations against Defendant Spectrum in the underlying Second Amended Complaint, dismissal is not appropriate. Wisdom relies in part on *McGehee*, a case decided at the summary judgment stage with decidedly more information than is available to the Court in this case. Rather, the Court is presented with an allegation that Defendants, including Defendant Spectrum, "designed, built and/or sold" the wind turbine. (Doc. No. 54, ¶ 4).[3] As to the issue of whether Spectrum designed the turbine, or components thereof, and is therefore a "manufacturer" as per the court's ruling in *McGehee*, the Court is unable to discern as a matter of law that Spectrum falls into this category and is deprived of any protection by § 832.1. Simply stated, at this juncture, the Court is without sufficient information to substantiate Wisdom's argument that, as a matter of law, Spectrum is not a seller. Taking the allegations in the initial Complaint that are repeated in the Third-Party Complaint as true requires that the Court deny the motion.

IT IS SO ORDERED this 13th day of August 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs inadvertently included two paragraphs numbered "4." This is the second so-numbered paragraph.